**TYCKO & ZAVAREEI LLP**
KRISTEN LAW SAGAFI, California Bar No. 222249
ksagafi@tzlegal.com
483 Ninth Street, Suite 200
Oakland, CA 94607
Telephone (510) 254-6808
Facsimile (202) 973-0950

**KOPELOWITZ OSTROW P.A.**
JEFFREY M. OSTROW, Florida Bar No. 121452
ostrow@kolawyers.com
SCOTT A. EDELSBERG, Florida Bar No. 0100537
edelsberg@kolawyers.com
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

(*Admitted Pro Hac Vice*)

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BRANCA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORDSTROM, INC.,<br><br>Defendant. | Case No. 3:14-cv-02062-MMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS SERVED ON CITIBANK, N.A.** |

## I.    INTRODUCTION

Plaintiff, Kevin Branca, filed suit against Defendant for representing—on the price tags of Nordstrom Rack Products—"Compare At" prices that were overstated and did not represent a bona fide price at which the Nordstrom Rack Products were previously sold. Thus, the ultimate issue is whether the price tags used at Nordstrom Rack stores were deceptive and misleading to Plaintiff and similarly situated consumers.  Yet, Defendant has now indiscriminately subpoenaed private credit card and debit card records from Citibank N.A., ("Citibank").  Specifically, the subpoena requests: "All billing statements for the time period January 1, 2010 through the present relating to Citibank credit card accounts, debit card accounts, or pre-paid debit card accounts," collectively referred to herein as "statements."  A copy of the subpoena is attached hereto as *Exhibit 1*, redacted only to preserve the confidentiality of the account numbers and address information contained in the attachment to the subpoena.

Plaintiff's everyday credit or debit card purchase history is not relevant here, and invades his rights to financial privacy.  Therefore, there is no basis whatsoever to request Plaintiff's sensitive and protected financial information from Citibank, nor is there a basis to subject Citibank to the burdens of producing irrelevant documents.  As Plaintiff advised Defendant prior to filing this Motion, he is prepared to cooperate with furnishing any evidence of Nordstrom Rack purchases with a Citibank card, to the extent they exist, to appease Defendant's belief that other purchases beyond those already disclosed in this litigation occurred.  If necessary to complete the production to meet his own discovery obligations, Plaintiff will agree to obtain statements from Citibank for his review and to furnish redacted statements to only disclose any evidence of Nordstrom Rack purchases using a Citibank card.  Defendant should not be entitled to the production of unredacted copies of the requested statements.  Accordingly, Plaintiff brings this motion to quash the subpoena served on Citibank.

## II.   LEGAL STANDARD

Unlike Federal Rule of Civil Procedure Rule 45(c)(3)(B) which permits the Court to quash or modify a subpoena where certain conditions apply, Rule 45(c)(3)(A) requires that a subpoena be quashed or modified where any of the following exist:

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

        (i)     fails to allow a reasonable time to comply;

        (ii)    requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

        (iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

        (iv)   subjects a person to undue burden.

*See Patrick Collins, Inc. v. Doe*, No. 12cv1373-MMA (BLM), 2012 U.S. Dist. LEXIS 193403, at *2-3 (S.D. Cal. Sep. 14, 2012).

Here, subpart (iii) applies, and the Court should grant Plaintiff's Motion quashing the subpoena in its entirety. Moreover, although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena. *See Luck v. Univ. of San Diego*, Civil No. 13cv3088 JLS (BGS), 2014 U.S. Dist. LEXIS 173253, at * 5 (S.D. Cal. Oct. 3, 2014); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

1    If the Defendant will work with Plaintiff, relevant information in statements can

2    be obtained without requiring a subpoena.  There is no demonstrated need to go to a

3    third-party source for this information which Plaintiff has offered to seek to obtain from

4    Citibank.  Unfortunately, the parties disagree on this, prompting this Motion.

5    **III.    ARGUMENT**

6    The subpoena issued to Citibank seeks, for the period beginning January, 2010,

7    all "billing statements" for Plaintiff's Citibank card accounts going back to 2010. *See*

8    *Exhibit 1*.  This overly broad request seeks sensitive and protected financial information

9    that is not relevant to this proceeding.  This subpoena seeks to disclose protected private

10   information pursuant to FRCP 45(c)(3)(A)(iii).

11   Personal financial information comes within the zone of privacy protected by

12   Article I, Section 1 of the California Constitution.  *Moskowitz v. Superior Court*, 137

13   Cal. App. 3d 313, 315 (Ct. App. 1982).   *See also In re REMEC, Inc. Securities*

14   *Litigation,* Civil No. 04cv1948 JLS (AJB), 2008 U.S. Dist. LEXIS 47412, at *4 (S.D.

15   Cal. May 30, 2008) (A party has standing under Federal Rules of Civil Procedure Rule

16   45(c)(3) to challenge a subpoena issued to a non-party if the party claims a personal

17   right or privilege with respect to the documents requested in the subpoena);

18   *Schmulovich v. 1161 Rt. 9 LLC,* Civil Action No. 07-597 (FLW), 2007 U.S. Dist.

19   LEXIS 59705, at *6 (D.N.J. Aug. 15, 2007) ("Personal rights claimed with respect to

20   bank account records give a party sufficient standing to challenge a third party

21   subpoena served upon financial institutions holding such information").

22   The concept of privacy is extended to financial privacy in litigation, though the

23   privilege is subject to balancing the needs of the litigation with the sensitivity of the

24   information/records sought.  *Valley Bank of Nevada v. Superior Court,* 15 Cal.3d 652,

25   657 (1975).  Nonetheless, "even where the balance weighs in favor of disclosure of

26   private information, the scope of disclosure will be narrowly circumscribed; such an

27   invasion of the right to privacy must be drawn with narrow specificity and is permitted

28

1    only to the extent necessary for a fair resolution of the lawsuit." *Moskowitz,* 137 Cal.

2    App. 3d at 316 (citations omitted).

3          The proponent of discovery of constitutionally protected material has the burden

4    of making a threshold showing that the evidence sought is "directly relevant" to the

5    claim or defense.  *Britt v. Superior Court*, 20 Cal.3d 844, 859-862 (1978).  Here,

6    beyond any evidence of the use of Plaintiff's Citibank card(s) to make purchases at

7    Nordstrom Rack, the statements are irrelevant to Citibank's alleged misrepresentations

8    giving rise to Plaintiff's claims.  This argument is consistent with Plaintiff's argument

9    with regard to other discovery Defendant has propounded that purchases from other

10   retailers are not relevant, yet that is no doubt part of what Defendant intends to search

11   for in the statements.  Defendant must admit that large categories of purchases, be it

12   groceries or pharmacy items as examples, if they appear on the statements, have no

13   relevancy to the litigation, yet Defendant is asking a third party to produce the

14   statements without redaction.  Defendant rejected Plaintiff's request to withdraw the

15   subpoena and have Plaintiff produce statements redacted to disclose only the

16   Nordstrom Rack purchases.

17         Further, Rule 26(b)(1) states that discovery may be obtained only "regarding any

18   nonprivileged matter that is relevant to any party's claim or defense. . . ."  In this case,

19   the subpoena does   not   satisfy   the   relevancy   requirements   of   Rule   26(b)(1).

20   Accompanying the Court's broad discretion to determine what is relevant for discovery

21   purposes, the Court also has broad discretion to limit discovery to prevent abuse in

22   applying Rule 26(b)(1).  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); Fed. R.

23   Civ. P. 26(b)(2)(C)(i)-(iii).  Long ago it was determined that relevancy is not without

24   ultimate and necessary bounds.  *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

25         Here, Plaintiff's unredacted statements, as requested in the subpoena, have no

26   apparent relevance to his claim that price tags at Nordstrom Rack stores are misleading

27   and deceptive. Plaintiff does not dispute that proof of his purchases from Nordstrom

28

1   Rack is relevant. In fact, Plaintiff produced receipts from purchases he made at a

2   Nordstrom Rack store. These receipts identify 1) what products were purchased,

3   including the SKU and UPC numbers, (2) when they were purchased, (3) how much

4   Plaintiff paid for the products, (4) what store(s) the products were purchased from, (5)

5   the means of purchase (including whether the purchase was by debit, credit, or gift

6   card), (6) the Nordstrom employee that processed his purchases, (7) the amount of

7   money he allegedly "saved" on his purchases, (8) the advertised "Compare At" price

8   for each item he purchased, and (9) whether Plaintiff used any coupons.  Evidence of

9   those purchases on the Citibank statements, or other purchases, at a Nordstrom Rack

10  store can be supplied without requiring the production of the entirety of Plaintiff's

11  statements.  Hence, Plaintiff offers to provide redacted documents to allow that to occur

12  without requiring Citibank to respond to the subpoena by producing all of the

13  statements for over a seven-year period in unredacted form.  Plaintiff has offered to

14  seek to obtain those statements from Citibank.

15      Over seven years of Plaintiff's everyday credit or debit card purchases is not

16  relevant.  To the extent Defendant is seeking Plaintiff's statements to identify purchases

17  he has made at other retail stores, again that information is not relevant. Plaintiff's

18  claim is that the price tags he saw at Nordstrom Rack stores falsely advertised a price

19  discount, and caused him to either pay more than he otherwise would have had he

20  known the truth or to make purchases he otherwise would not have made. *See* Third

21  Amended Complaint [D.E. 36] at ¶15. As such, whether Plaintiff made purchases at

22  other retail stores is not relevant as he does not allege that advertising at other retail

23  stores caused him any harm.  Instead, it will needlessly subject Citibank and Plaintiff

24  to invasive discovery about highly personal, sensitive financial matters.

25      In the Northern District of California, a court rejected an attempt to compel the

26  production of broad financial information not relevant to the litigation.  In *In re Wells*

27  *Fargo Residential Mortgage Lending Discrimination Litig.,* C 08-1930 MMC (JL),

28

2009 U.S. Dist. LEXIS 130344 (N.D. Cal. June 19, 2009), defendant had requested, inter alia, "Information and documents regarding Plaintiffs' financial histories"; "Information and documents regarding Plaintiffs' creditworthiness"; "Information and documents regarding Plaintiffs' borrowing histories"; and "Information and documents regarding Plaintiffs' financial and credit histories." *Id*., at \*9.  The Court found none of that was reasonably calculated to lead to admissible evidence.  "Wells is demanding sensitive confidential information which is not relevant to Plaintiffs' claims or Wells' defenses." *Id*., at \*16.   Further: "In this case, Wells Fargo wants Plaintiffs to provide a broad swath of their financial information related to their creditworthiness and financial acumen …The highly personal and confidential data that Wells is demanding is not relevant to either Plaintiffs' claims or Wells' defenses." *Id*. at \*18.

Similarly in *Kee v. R-G Crown Bank*, 206-CV-00602-DAK-PMW, 2007 U.S. Dist. LEXIS 61106, at \*3 (D. Utah Aug. 20, 2007), a defendant requested "'any and all documents reflecting, regarding, concerning, or pertaining to bank records, statements, checks, deposit slips, draws, wire transfers, records, or other documents evidencing, referring[,] or relating to financial transactions for' any and all accounts held in Plaintiff's name or upon which he is or was a signatory."  The court rejected such a broad request, stating:

> [a]lthough Plaintiff's complaint puts his financial position at issue in this case, it does so only for the point in time when he got the loan in question, which was approximately October 2001.  Rather than seeking information for October 2001 or a reasonable period of time before and after October 2001, the Subpoenas seek information from October 2001 to the present.  Further, they do not simply seek information about Plaintiff's financial position (e.g., balance information), but instead seek to discover information about every transaction that has occurred in Plaintiff's bank accounts since October 2001.  ***In sum, the Subpoenas appear to constitute the type of fishing expedition that is prohibited in discovery under the federal rules.***

*Id*., at \*5 (emphasis added).

In short, the *Kee* court found the defendant's subpoena to be overbroad because, as with Citibank here, the defendant had requested information outside the scope of the

1  issues in the case.  Because the sensitive financial information requested from Citibank
2  has no relevance to the claims and defenses at issue in this case, Defendant's subpoena
3  should be quashed.

4  **IV.  CONCLUSION**

5      Based upon the foregoing, Plaintiffs ask this Court to quash the subpoena to
6  Citibank produce Plaintiff's statements records for over a seven-year period.  As noted
7  earlier in this Motion, Plaintiff met and conferred with Defendant pursuant to Civil
8  Local Rule 26.1(a) about the relief requested in this Motion, but was unable to obtain
9  agreement to the relief requested.

10

11  DATED: June 14, 2017        Respectfully submitted,

12

13      By:   */s/ Scott A. Edelsberg*
14            Scott A. Edelsberg
             Attorneys for Plaintiff

15            **TYCKO & ZAVAREEI LLP**
16            KRISTEN LAW SAGAFI, California Bar No. 222249
17            ksagafi@tzlegal.com
             483 Ninth Street, Suite 200
18            Oakland, CA 94607
             Telephone (510) 254-6808
19            Facsimile (202) 973-0950

20            **TYCKO & ZAVAREEI LLP**
             HASSAN A. ZAVAREEI, California Bar No. 181547
21            hzavareei@tzlegal.com
22            JEFFREY D. KALIEL, California Bar No. 238293
23            jkaliel@tzlegal.com
             1828 L Street, NW, Suite 1000
24            Washington, DC 20036
             Telephone (202) 973-0900
25            Facsimile (202) 973-0950

26            **KOPELOWITZ OSTROW P.A.**
             JEFFREY M. OSTROW, Florida Bar No. 121452
27            ostrow@kolawyers.com

28

SCOTT A. EDELSBERG, Florida Bar No.
0100537
edelsberg@kolawyers.com
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
(*Admitted Pro Hac Vice*)